# CAREY LAW

**LAW: A RULE OF *RIGHT*, NOT *MIGHT***

SETH T. CAREY*  
*Licensed in MA & CT ALSO

114 Congress Street, P.O. Box 100  
Rumford, Maine 04276

FAX: (207) 364-3190  
PHONE: (207) 364-7826  
E-MAIL: stcareylaw@gwi.net

November 12, 2017

Kasia Park, Esq.  
Drummon Woodsum  
84 Marginal Way, Ste 600  
Portland, ME 04101

Dear Kasia:

    RE: Christian Venable v. Lewiston Police Dept., et als.

    Please find enclosed the Complaint again as requested.

Sincerely,

Seth T. Carey, Esq.

| | |
|---|---|
| **STATE OF MAINE**<br>**Androscoggin, ss** | **Superior Court**<br>**Civil Action**<br>**Docket No. : CV-17-** |

CHRISTIAN VENABLE,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiff　　　　　　　　　　) COMPLAINT, MOTION FOR
vs.　　　　　　　　　　　　　　　　　　　) DECLARATORY JUDGMENT,
　　　　　　　　　　　　　　　　　　　　) JURY TRIAL DEMAND
LEWISTON POLICE DEPARTMENT,　　　　　)
CITY OF LEWISTON,　　　　　　　　　　　)
DEREK ST. LAURENT,　　　　　　　　　　)
*Individually & in his professional*　　　　　)
*capacity*　　　　　　　　　　　　　　　　)
KATHERINE ROONEY　　　　　　　　　　)
　　　　　　　Defendants　　　　　　　　)

　　　　NOW COMES Plaintiff Christian Venable, ("Venable") in the above entitled matter, by and through undersigned counsel on his behalf and brings forth this complaint and also moves for a declaratory judgment against the Defendants, Town of Lewiston, ("Lewiston"), Lewiston Police Department ("LPD"), and Derek St. Laurent, ("St. Laurent"), and alleges as follows:

1.　　Mr. Venable was investigated by the Defendant Lewiston Police Department and Defendant Derek St. Laurent for the very serious crime of rape by his girlfriend Katherine "Katie" Rooney on or about May 28, 2015.

2.　　It was an obvious false rape charge due to the facts and clarity with which Mr. Venable described what actually happened, and the fact that Ms. Rooney was married and was cheating on her husband.

3.　　Instead of professionally and dispassionately investigating the accusation, the Defendants invaded Mr. Venable's house by salaciously telling his actual girlfriend Julia Hernandez that was visiting and did not reside there that he had raped another woman and they needed to search his residence for weapons and rape evidence.

4. The false "victim" finally came forward to her husband with the truth- that she was having an affair. The husband then physically assaulted Ms. Rooney.

5. In order to try to rectify the situation she had caused herself entirely, she suddenly came up with a fabricated story to selfishly remove the blame from herself. She told him that Christian had raped her. The husband then made her go to the police.

6. To enhance her story, the mentally sick Defendant Rooney not only told the police that she was violently raped by Plaintiff, but she also told them he had illegal guns he used to rape her and that he was operating an illegal sex prostitution ring out of his residence. The LPD also asked his girlfriend at the time that they wanted her to come with them because they knew she was a prostitute that was being held against her will. All outrageous lies.

7. They inexplicitly, outrageously and illegally invaded Mr. Venable's home, without a warrant, probable cause or valid consent to try to find some sort of evidence to support this false charge.

8. When Defendant officers could not find anything to implicate Plaintiff they then tracked Plaintiff down and accused him of rape. He denied the false accusations outright.

9. Detective St. Laurent and an unidentified female officer interrogated Mr. Venable.

10. Plaintiff explained the situation clearly and anyone with a little common sense would have understood the false accusation.

11. Detective St. Laurent was very dismissive of the explanation and actually rather rude and condescending.

12. After the interview, Plaintiff's counsel, who had listened to the interrogation on the phone, explained to St. Laurent why the charges were bogus.

13. St. Laurent defiantly disagreed and stated Mr. Venable was "guilty."

2

14. Plaintiff's counsel told him he was wrong and requested that when Mr. Venable was cleared of the charges that he go after the actual criminal- Ms. Rooney.

15. St. Laurent laughed this request off and basically said words to the effect, "sorry, not gonna happen."

16. St. Laurent has obviously been proven wrong, as shown by the attached handwritten note from Ms. Rooney to Christian admitting she made up the rape charge, (Exhibit A).

17. Detective St. Laurent's cavalier and reckless attitude and defense of a despicable person making false charges could have easily landed an innocent man in jail for 20 years.

18. One is hard-pressed to think of a worse fate, other than death, to rot in a jail cell for two decades knowing you were falsely charged and convicted of a heinous crime.

19. Unfortunately, although Venable did not go to prison, his career was ruined when Defendant Katherine Rooney, the false rape accuser took the police report of the event generated by Defendants to her work at ESM.

20. Plaintiff's career there and in the health care industry was thereafter ruined, as there is perhaps no greater heinous crime in the eyes of the public than that of rape.

21. Furthermore, there also perhaps is not greater duty than we all have than to ensure that someone does not serve time in jail, (not to mention their lives and reputation being ruined) than to be falsely charged with a crime.

22. Society has thankfully recognized the grave danger in allowing people to falsely accuse others and doing so is now a crime.

23. As people associated with law enforcement, it was Defendants' duty to protect the public, deter people from committing crimes and educate the public about the consequences of their actions.

24. One way to educate the public and deter crime was to "make an example" out of certain criminals so that others will "think twice" before committing similar crimes.

25. The Defendants were all implored on August 19, 2016 in a four-page letter by Plaintiff's attorney, in no uncertain terms to do the right thing and charge Ms. Rooney with filing false charges.

26. Defendants not only refused, they rudely could not even be bothered to pick up the phone and discuss the issue with Plaintiff's attorney or write a letter explaining their refusal to charge Rooney.

27. Plaintiff's attorney implored the other Defendants to discipline, retrain and admonish Det. St. Laurent for his negligent actions that could have resulted in an innocent man going to jail for a long time.

28. Defendants not only did none of these, they could not even pay lip service to Plaintiff and his counsel in those regards.

29. Plaintiff's counsel also warned Defendants that there was malicious prosecution liability in this matter, but Plaintiff would consider not protecting his rights legally provided some of the requests to improve the LPD were made.

30. It seems not to have mattered to the Defendants however, based on their dismissive attitude towards Plaintiff and his counsel.

31. One way to educate the public and deter crime is to "make an example" out of certain criminals so that others will "think twice" before committing similar crimes.

32. Defendants had a chance to rectify their falsely brought charges by charging Ms. Rooney with filing a false report.

33. Plaintiff succinctly made the case for this to happen in his attorney's letter of August 19, 2016 to these Defendants.

34. Instead, the Defendants chose decisively for the most part to largely ignore and not properly address this request, despite the case that was made that a false charges charge would have been imperative to deter future false charges to be filed in the area.

35. Any woman with "an axe to grind" or focused on their own advancement or other selfish motives could accuse anyone of anything despite the fact that nothing at all happened.

36. By letter Mr. Venable's attorney requested that Det. St. Laurent be admonished for his reckless cavalier actions that could have resulted in an innocent man going to jail for a long time.

37. All Claimant's attorney asked of the detective was that he consider charging Ms. Rooney with the crime for her false accusations once Mr. Venable was cleared of any wrongdoing.

38. St. Laurent refused outright, which was rather disturbing.

39. The city should have better training or modus operandi to deal with false charges.

40. For a detective to dismiss a helpful suggestion outright is the antithesis of good policing.

41. Morally, if one person is falsely accused that is one too many. If one person is permitted to "get away" with filing a false charge that is one too many.

## JURISDICTION AND NATURE OF THE COMPLAINT

42. This is an action to remedy and enjoin Defendants' tortious actions directed at Plaintiff Venable. The parties at all relevant times to this matter resided and/or conducted business in the City of Lewiston, State of Maine, County of Androscoggin.

43. Defendants' wrongful and unlawful acts include defamation, negligence, negligent hiring, negligent supervision, NIED, IIED, malicious prosecution, invasion of privacy, violation of Maine Unfair Trade Practices Act, false light, intentional misrepresentation.

44. Plaintiff Venable has proper jurisdiction over this matter as he complied with the notice provisions and requirements under the Maine Torts Claims Act

5

in accordance with the provision of 14 M.R.S.A. §8107. Mr. Venable filed a claim with the Defendants based on these injuries in accordance with the Maine Tort Claims Act. More than six (6) months passed since Mr. Venable filed his MTCA claim with these entities, and Mr. Venable has received a response, denying all claims herein. The parties work in Androscoggin County.

**CLAIMS FOR RELIEF**

### COUNT I:

### VIOLATION OF 5TH AMENDMENT TO THE STATE AND U.S. CONSTITUTIONS/ VIOLATION OF DUE PROCESS CLAUSE

45. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 44 of this Complaint.
46. Defendants' illegal, arbitrary, capricious warrantless breaking and entering Mr. Venable's residence without valid consent, Defendants deprived Mr. Venable of his constitutional right to liberty without due process of law in violation of the Fifth Amendment to the United States Constitution.
47. Defendants acted under color of law and acted or purported to act in the performance of official duties under federal, state, county, or municipal laws, ordinances, or regulations.
48. Defendants' conduct violated clearly established constitutional or other rights of which these Defendants knew, or of which a reasonable public official should have known.
49. Defendants' actions, omissions, policies, patterns, practices, and customs, as complained of herein, were intentional and reckless and demonstrate a callous disregard for, or deliberate indifference to, Mr. Venable's personal safety, security, freedom, and civil and constitutional rights.
50. These violations are compensable under Maine and federal law.
51. As a direct and proximate result of the unlawful actions of these Defendants, Mr. Venable has suffered economic damages and significant physical and emotional harm.

## COUNT II:
## VIOLATION OF 4TH AMENDMENT TO THE MAINE AND U.S. CONSTITUTIONS

52. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 51 of this Complaint.

53. Defendants intentionally detained Mr. Venable in violation of his constitutional right to be free from unreasonable seizures, as guaranteed by the Fourth Amendment to the Maine and United States Constitutions.

54. These Defendants acted under color of law and acted or purported to act in the performance of official duties under federal, state, county, or municipal laws, ordinances, or regulations.

55. These Defendants' conduct violated clearly established constitutional or other rights of which Defendants knew, or of which a reasonable public official should have known.

56. These Defendants' actions, omissions, policies, patterns, practices, and customs, as complained of herein, were intentional and reckless and demonstrate a callous disregard for, or deliberate indifference to, Mr. Venable's personal safety, security, freedom, and civil and constitutional rights.

57. These violations are compensable under state and U.S. law. As a direct and proximate result of the unlawful actions of these Defendants, Mr. Venable has suffered economic damages and significant physical and emotional harm.

## COUNT III:
## VIOLATION OF 5TH AMENDMENT TO THE MAINE AND U.S. CONSTITUTIONS/DUE PROCESS CLAUSES

58. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 57 of this Complaint.

59. Defendant public officials are charged with being professional, accommodating, and treating members of the public and especially the taxpaying citizens with dignity and respect.

60. Defendants' willful acts towards Mr. Venable constitute disgraceful conduct insofar as they were intended to cause Mr. Venable to be subjected to the indignities articulated herein.

61. Defendants intended to cause Mr. Venable emotional distress, and/or acted in reckless disregard of the likelihood of causing Mr. Venable emotional distress, in committing these acts.

62. Defendants were acting within the scope of their employment when they committed these acts.

63. As a direct and proximate result of Defendants' acts, Mr. Venable suffered and continues to suffer severe mental anguish and emotional and physical distress.

64. Mr. Venable has incurred and continues to incur medical expenses and other damages in an amount to be proven at trial.

## COUNT IV:
## VIOLATION OF 5TH AND 14TH AMENDMENTS TO THE MAINE AND U.S. CONSTITUTIONS (42 U.S.C. § 1983)

65. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 64 of this Complaint.

66. Defendants deprived Mr. Venable of his constitutional right to liberty and deprived him of this liberty without due process of law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution by causing and/or participating in the illegal, arbitrary, and capricious arrest of Mr. Venable.

67. Defendants caused and/or participated in the harassment of Mr. Venable without reasonable basis or lawful authority.

68. Defendants acted under color of law and acted or purported to act in the performance of official duties under federal, state, county, or municipal laws, ordinances, or regulations.

69.     The conduct of Defendants violated clearly established constitutional or other rights, of which Defendants knew, or of which a reasonable public official should have known.

70.     The actions, omissions, policies, patterns, practices and customs of these Defendants, complained of herein, were intentional, reckless, and show a callous disregard for, or deliberate indifference to Mr. Venable's personal safety, security, freedom, and civil and constitutional rights.

71.     These violations are compensable pursuant to U.S.C. § 1983. As a direct and proximate result of these Defendants' conduct, Mr. Venable has suffered economic damages and significant physical and emotional harm.

## COUNT V:
## VIOLATION OF 14TH AMENDMENT TO THE MAINE & U.S. CONSTITUTIONS
## (42 U.S.C. § 1983)

72.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 71 of this Complaint.

73.     Defendants deliberately and unconstitutionally discriminated against Mr. Venable so as to deny him equal protection of the law as guaranteed by the Fourteenth Amendment to the United States Constitution and his liberty by causing or participating in his harassment and sponsorship of false accusations.

74.     Defendants acted under color of law and acted or purported to act in the performance of official duties under federal, state, county, or municipal laws, ordinances, or regulations. Defendants acted with the intent or purpose to discriminate against Mr. Venable.

75.     The conduct of these Defendants violated clearly established constitutional or other rights, of which Defendants knew, or of which a reasonable public official should have known.

76.     The acts, omissions, policies, patterns, practices, and customs of these Defendants complained of herein were intentional, reckless, and show a callous

disregard for, or deliberate indifference to Mr. Venable's privacy, security, freedom, and civil and constitutional rights.

77. These violations are compensable pursuant to U.S.C. § 1983. As a direct and proximate result of these Defendants' conduct, Mr. Venable has suffered economic damages and significant physical and emotional harm.

## COUNT VI:
## NEGLIGENCE/ABUSE OF PROCESS

78. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 77 of this Complaint.

79. Defendants breached their duty of reasonable care by negligently acting or omitting to act in such a way that resulted in the invasion of Mr. Venable's home and the ruination of his career, which these Defendants knew or should have known was immoral and wrongful.

80. Defendants were negligent in performing their duties and failed, neglected and/or refused to properly and fully discharge their responsibilities by, among other things:

- Creating and/or sanctioning illegal policies, patterns, practices;
- Failing to adequately train and supervise personnel and Defendants charged with safeguarding the welfare of citizens in citizen-owned public buildings; and
- Invading Plaintiff's home under false pretenses with no probable cause or warrant.

81. Defendants were acting within the scope of their employment when they committed these acts.

82. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial.

## COUNT VII:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

83. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 82 of this Complaint.

84. Defendants' willful acts constitute outrageous conduct insofar as they were intended to cause ruination of Plaintiff's career and reputation.

85. Defendants intended to cause Mr. Venable emotional distress, and/or acted in reckless disregard of the probability of causing Mr. Venable emotional distress in committing these acts.

86. As a direct and proximate result of the actions of Defendants, Mr. Venable suffered and continues to suffer economic damages, severe mental anguish, and emotional and physical distress.

## COUNT VIII:
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

87. Plaintiff re-alleges and incorporates by reference the above facts of the Complaint as if set forth fully herein

88. All Defendants have negligently inflicted emotional distress on Plaintiff through their abusive actions.

89. Plaintiff's career and reputation have been ruined by Defendants' negligent actions.

90. Plaintiff's mistreatment caused him great distress. The actions caused harm that would reasonably be expected to befall the ordinary sensitive person.

91. The Defendants' conduct caused the negligent infliction of emotional distress to Plaintiff and they are thus liable.

## COUNT IX:
## DEFAMATION & FALSE LIGHT

92. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 91 of this Complaint.

93. Defendants' misguided and negligent investigation of Plaintiff caused the

94. Defendants defamed Plaintiff when they misstated to the news media for wide dissemination that Plaintiff was "disruptive" and that the police "would have to arrest him to get him to leave." In reality, Plaintiff was calm and not disruptive in the least bit and he stated to the police that he simply wanted to talk to the town manager, not that they would have to arrest him in order for him to leave.

95. Plaintiff need not show malice because of his position as a private person, (although there was in fact malice present). Plaintiff need only prove negligence, which there clearly is in every case herein.

## COUNT X:
## NEGLIGENT HIRING

96. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 95 of this Complaint.

97. The Defendant City of Lewiston and the Lewiston Police Department are both liable for negligent hiring and training of Detective Derrick St. Laurent and the chief of police and other officers involved, as they clearly do not understand basic constitutional rights of the citizens they are hired to protect and serve.

98. Defendants had no right to invade Plaintiff's home and search the home.

99. Plaintiff has a constitutional right to be free from unlawful searches and seizures afforded by the fourth amendment to the constitution.

100. The City and Police Dept. should never have hired Defendant St. Laurent, who mistreated and falsely accused Plaintiff of rape and laughed off charging the real criminal, Ms. Rooney.

101. The City of Lewiston is liable for hiring Deputy Chief Adam D. Higgins (Interim) who had an opportunity to rectify the situation and charge Katherine Rooney with filing a false report. He failed to do so.

102. The Defendants named herein clearly would not have been hired if the hiring officials (selectmen/counsel, town manager) knew that their hires would trample the basic dignities and rights of citizens and expose them to significant legal liability.

103. Therefore, supervising Defendants are liable for negligent hiring.

## COUNT XI:
## NEGLIGENT SUPERVISION & TRAINING

104. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 103 of this Complaint.

105. Supervising Defendants, including the City, Police Department, and Police Chief are all liable for their negligent supervision and training.

106. Scrupulous law-abiding town officials would train their employees in the basic tenants of not allowing for the blatant mistreatment of a person as Mr. Venable was.

107. Unfortunately, the supervisors herein did not properly train or supervise their employees and that led to the outrageous behavior and treatment of a law-abiding citizen as outlined herein.

108. Defendant supervisors, the town and the department are therefore liable for their negligent supervision and training.

## COUNT XII:
## MAINE UNFAIR TRADE PRACTICES ACT

109. Plaintiff re-alleges and incorporates by reference the above facts of the Complaint as if set forth fully herein.

110. Under the provisions of the Maine Unfair Trade Practices Act, 5 M.R.S.A.§ 213, Plaintiff through his counsel made written demand for relief as outlined in that statute.

111. The Defendants were informed that their actions in this matter violated the Maine Unfair Trade Practices Act, 5 M.R.S.A.§ 207.

112. As a result of this unfair and deceptive act and practice, claimant suffered injury or loss of money or property as follows: he was embarrassed, mentally abused, defamed, his career was ruined ridiculed, and other expenses.

## COUNT XIII:
## INVASION OF PRIVACY

113. Plaintiff realleges and incorporates by this reference the allegations contained above, inclusive, as though they were fully set forth herein.

114. By invading Plaintiff's privacy in invading his home, Defendants are liable for invasion of privacy.

115. This invasion violated a bevy of Plaintiff's constitutional rights as outlined supra and would be highly offensive to a reasonable person.

116. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages in an amount to be proven at trial.

117. Defendants did not engage in their conduct out of any sincere or proper motive, but did so knowingly, willfully and oppressively, with full knowledge of the adverse effects that their actions would have on Plaintiff, and with willful and deliberate disregard for these consequences. Accordingly, Plaintiff is entitled to recover punitive damages from Defendants in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against all Defendants, and each of them, as follows:

1. For general damages against the Defendants, jointly and severally, in an amount to be proven at trial;
2. For special damages against the Defendants, jointly and severally, in an amount to be proven at trial;
3. For punitive and exemplary damages against the Defendants, jointly and severally, in an amount to be proven at trial;
4. For reasonable costs, expenses, and attorneys' fees pursuant to 42 U.S.C. § 1988, 29 U.S.C. § 794a, and any other applicable state and federal law;
5. For injunctive relief against Defendants, requiring the City of Lewiston and Lewiston Police Department to promulgate safeguards and policies as set forth herein and to adequately train and supervise employees in order to safeguard the rights of citizens;
6. Enter judgment declaring that the policies and practices of the Defendants as described in this Complaint violated the rights of Plaintiff, and Defendants must apologize and admit their wrongdoing in an advertisement in all newspapers that covered Plaintiff's mistreatment; and
7. For such other relief as the Court deems just, equitable and proper.

**JURY TRIAL**

Plaintiff demands a jury trial on all issues so triable.

Dated at Rumford, Maine this 17th day of July, 2017

_____
Seth T. Carey, MBN 9970
Carey Law
Attorney for Plaintiff
114 Congress Street, P.O. Box 100
Rumford, ME 04276

15

**PLAINTIFF'S EXHIBIT A**

what I have done. I have falsely accused you of rape. When you did not rape me at all. We had issues and I was scared to lose you. I am sorry for all the problems I have caused. Would you be willing to forgive me.



Kasia Park, Esq.

Drummon Woodsum

84 Marginal Way, Ste 600

Portland, ME 04101