UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CHRISTIAN VENABLE,                              )| |
| )| |
| Plaintiff    )| |
| )| |
| v.     )| |
| )| |
| LEWISTON POLICE DEPARTMENT,   )| Civil Action No: |
| CITY OF LEWISTON,   )| |
| DERRICK ST. LAURENT, and   )| |
| KATHERINE ROONEY   )| |
| )| |
| Defendants    )| |

**LEWISTON DEFENDANTS' PARTIAL MOTION TO DISMISS
WITH INCORPORATED MEMORANDUM OF LAW**

Defendants Lewiston Police Department, City of Lewiston, and Derrick St. Laurent (collectively, the "Lewiston Defendants") hereby move to dismiss, in part, Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and submit this memorandum of law in support of their Motion.

**INTRODUCTION[1]**

This case arises out of the Lewiston Defendants' investigation of Plaintiff Christian Venable on or about May 28, 2015 for the crime of rape as alleged by Defendant Katherine Rooney.  Complaint ¶ 1.  Defendant St. Laurent interrogated Mr. Venable about the rape allegation whereby Mr. Venable denied the accusations and explained the situation.  Complaint ¶¶ 8-10.  Defendant Rooney subsequently admitted that she made up the rape allegations.  Complaint ¶ 16.  Mr. Venable did not go to prison.  Complaint ¶ 19.  There are no allegations in

---

[1] Solely for the purposes of this Motion, the facts asserted in the Complaint are accepted as true.

the Complaint claiming that Plaintiff was arrested or that any criminal charges or proceedings were ever initiated against Mr. Venable.

Plaintiff subsequently initiated this action in state court.  Plaintiff served the Complaint on the Lewiston Defendants pursuant to Me. R. Civ. P. 4(c)(1).  *See* Affidavit of Edward R. Benjamin, Jr. ("Benjamin Affidavit") ¶ 3.  The Lewiston Defendants signed and returned the Acknowledgement of Receipt of Summons and Complaint forms on November 28, 2017. *Id.* The Lewiston Defendants removed the case to this Court on December 4, 2017.  *See* Notice of Removal.  In the Complaint, Plaintiff alleges, *inter alia*, violations of his state and federal constitutional rights, state law tort claims, and a violation of the Maine Unfair Trade Practices Act.  Plaintiff alleges that the Lewiston Defendants "acted under color of law and acted or purported to act in the performance of official duties under federal, state, county or municipal laws. *See, e.g.* Complaint ¶ 47.  Plaintiff further alleges that Lewiston Defendants were "acting within the scope of their employment." Complaint ¶ 81.

Lewiston Defendants move to dismiss, in part, Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6).  As set forth below, all of Plaintiff's state law tort claims (Counts VI-XI and XIII) against the Lewiston Defendants are barred by the applicable statute of limitations.  In the alternative, Plaintiff fails to plead the elements of claims for abuse of process and defamation/false light. Plaintiff's Maine Unfair Trade Practices Act claim asserted in Count XII should also be dismissed because Plaintiff has failed to allege facts sufficient to meet the minimal pleading requirements.  Finally, all of the claims against Defendant Lewiston Police Department should be dismissed because it is not a separate legal entity that can sue or be sued.

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The Court must accept all factual allegations as true but need not accept "a legal conclusion couched as a factual allegation," s*ee Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and is "not bound to credit bald assertions, unsupportable conclusions, and opprobrious epithets." *Campagna v. Mass. Dep't of Envtl. Prot.*, 334 F.3d 150, 155 (1st Cir. 2003) (internal quotation marks omitted).  Where factual allegations are so general that they only allow an inference of the possibility of misconduct, the complainant "has not nudged [his] claims . . . across the line from conceivable to plausible," *See Iqbal*, 556 U.S. at 683 (quoting *Twombly*, 550 U.S. at 570) (internal quotation mark omitted).  Additionally, courts have "no duty to conjure up unpled allegations in order to bolster the plaintiff's chances of surviving a 12(b)(6) motion to dismiss." *Fleet Credit Corp. v. Sion*, 893 F.2d 441, 444 (1st Cir. 1990).  Although the Court is otherwise required to accept the factual allegations as true, it can consider and rely upon documents, including matters of record in this Court, that are expressly linked to those factual allegations in reviewing a motion to dismiss. *Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 34, 36 (1st Cir. 2001).

## ARGUMENT

**A. Plaintiff's State Law Tort Claims are Barred by the Two Year Statute of Limitations**

Plaintiff alleges the following state law tort claims against the Lewiston Defendants: negligence/abuse of process (Count VI); intentional infliction of emotional distress (Count VII); negligent infliction of emotional distress (Count VIII); defamation & false light (Count IX); negligent hiring (Count X); negligent supervision & training (Count XI); and invasion of privacy

(Count XIII). Plaintiff's state law tort claims are brought against a governmental entity, City of Lewiston/Lewiston Police Department and its employee, Detective Derrick St. Laurent. Accordingly, Plaintiff's claims are subject to the Maine Tort Claims Act and the applicable two-year statute of limitations.  Section 8100 provides that "[e]very claim against a governmental entity or its employees . . .  is forever barred from the courts of this State, unless an action therein is begun within 2 years after the cause of action accrues." 14 M.R.S.A. § 8110.  Here, the alleged act or omission giving rise to Plaintiff's alleged injuries occurred on or about May 28, 2015.  Complaint ¶ 1.  Under the applicable two year statute of limitations, Plaintiff was required to bring his state law tort claims no later than May 28, 2017.  *See* 14 M.R.S.A. § 8110.  Plaintiff failed to do so and his state law tort claims are thus time-barred.

Under Maine law, an action may be commenced by: (1) the service of a summons and complaint; or (2) by filing a complaint with the court. Me. R. Civ. P. 3.  This action was commenced by service on November 28, 2017 when the Lewiston Defendants returned the acknowledgement of service form pursuant to Me. R. Civ. P. 4(c)(1).[2]  Benjamin Affidavit ¶ 3. *See also Ford v. Nationwide Mut. Fire Ins. Co.*, No. CIV 01-133-P-H, 2001 WL 667834, at *1 (D. Me. June 13, 2001) (concluding that service by mail under Me. R. Civ. P. 4(c)(1) does not occur until the date the defendant mails or returns the acknowledgment form); Me. R. Civ. P 4(c) 1991 Advisory Committee's Notes.  Since the date of service was on November 28, 2017, Plaintiff commenced this action almost six months after the statute of limitations expired.

---

[2] Plaintiff initially attempted to serve the Lewiston Defendants by faxing a complaint to them on July 17, 2017; however, the Lewiston Defendants did not return the acknowledgement of service form. *See* Motion to Dismiss (Doc. No. 4), *Venable v. Lewiston Police Dept., et al.*, Docket No. 2:17-cv-00302-JDL. This Court granted the Lewiston Defendants Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(5). Oral Order granting Motion to Dismiss (Doc. No. 12), *Venable v. Lewiston Police Dept., et al.*, Docket No. 2:17-cv-00302-JDL.

Accordingly, Plaintiff's state law tort claims are barred. Counts VI-XI and XIII thus fail to state a claim upon which relief can be granted and should be dismissed with prejudice.

### B. In the Alternative, Plaintiff Has Failed to Plead the Required Elements of Abuse of Process and Defamation

Even assuming, *arguendo* that Plaintiff's state law tort claims were timely, Plaintiff's claims for abuse of process (Count VI, in part) and defamation/false light (Count IX) must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has not pled all the required elements of abuse of process. *See* Complaint ¶¶ 78-82. Under Maine law, an abuse of process claim requires allegations that Lewiston Defendants initiated or used a court document or process in a way that was not proper in the regular conduct of the proceedings. *See Jennings v. MacLean*, 2015 ME 42, ¶ 6. A claim for abuse of process "covers the allegedly improper use of individual legal procedures after a suit has been filed properly. Typical abuse of process cases involve misuse of such procedures as discovery, subpoenas, and attachment." *Pepperell Trust Co. v. Mountain Heir Fin. Corp.*, 708 A.2d 651, 655 n.8 (Me. 1998) (citations omitted). Count VI does not specify what legal process was abused, nor does a fair reading of the Complaint reveal any basis for the claim. Plaintiff has failed to state a cognizable claim for abuse of process under Maine law.

The Complaint also fails to sufficiently allege a claim for defamation/false light. In order to establish a claim for defamation under Maine law, the plaintiff must allege:

> (a) a false and defamatory statement concerning another; (b) an unprivileged publication to a third party; (c) fault amounting at least to negligence on the part of the publisher; and (d) either actionabilty of the statement irrespective of special harm or the existence of special harm by the publication.

*Rice v. Alley*, 2002 ME 43, ¶ 19, 791 A. 2d 932, 936 (citation omitted). Under Maine law, a claim for false light requires that: (a) an actor places another in a false light that "would be

highly offensive to a reasonable person, and (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed." *Cole v. Chandler*, 2000 ME 104, ¶ 17, 752 A.2d 1189, 1197.  Here, Plaintiff has failed to plead the elements required for either.  In fact, Count IX seems completely misplaced given the facts of the instant case and appears to be almost identical to the allegation made by Plaintiff's counsel in an unrelated lawsuit.  *Compare* Complaint ¶ 94 *with Pantermoller v. Town of Fairfield, et al.*, Docket No. 1:17-cv-00223-JDL, Complaint (Doc. No. 3-3) at ECF Page# 28, ¶ 129.  Because it involves facts that are entirely unrelated to the claims made against *these* Defendants in *this* suit, Count IX should be dismissed for failure to state a claim.

In the alternative, even if these counts survive, the Lewiston Defendants move for a more definite statement pursuant to Fed. R. Civ. P. 12(e). Defendants should not be required to respond to claims for which critical elements are not even alleged, or to claims that were apparently "cut and pasted" from an unrelated lawsuit with totally different facts.  For the above-mentioned reasons, the allegations in these counts are ambiguous and it is unclear what conduct is being alleged against the Lewiston Defendants that would state a claim for abuse of process and/or defamation/false light.  Lewiston Defendants cannot reasonably prepare a response to allegations that appear to be misplaced.

## C. Count XII Fails under the Standards of *Twombly*, *Iqbal* and Rule 8(a)(2)

Count XII purports to set forth a claim for a violation of the Maine Unfair Trade Practices Act, 5 M.R.S.A. §§ 205-A, *et. seq.* ("MUTPA").  The thrust of Plaintiff's claim appears to be based on the Lewiston Defendants' investigation of rape allegations made by Defendant Rooney against Plaintiff.  Plaintiff alleges that he is entitled to relief under the MUTPA because he made a written demand for relief informing Defendants that their actions violated the MUTPA.

Complaint ¶¶ 110-111.  Plaintiff fails, however, to meet the basic requirements of Fed. R. Civ. P. 8(a)(2) and therefore fails to meet the plausibility requirements of *Twombly* and *Iqbal*.  Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  This Court has recognized that "the requirements of Rule 8(a)(2) are minimal—but minimal requirements are not tantamount to nonexistent requirements."  *Acosta v. United States*, No. CIV. 03-116-GZS, 2005 WL 757581, at *2 (D. Me. Feb. 16, 2005) (quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir.1988)).  When pleading a violation of the MUTPA, even under Rule 8(a)'s notice pleading standard, a complainant must allege facts that correspond to the basic elements of a violation of that statute.  The private remedy under MUTPA provides:

> Any person who purchases or leases goods, services or property, real or personal, primarily for personal, family or household purposes and thereby suffers any loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by section 207 . . . may bring an action either in the Superior Court or District Court for actual damages, restitution and for such other equitable relief . . .

5 M.R.S.A. § 213(1). Any "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce" are declared unlawful under section 207.  *Id.* § 207.  The MUTPA defines "trade" and "commerce" to include "the advertising, offering for sale, sale or distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity or thing of value wherever situate."  *Id.* § 206(3).  Notice is a condition precedent to filing an action for damages.  *Id.* § 213(1-A).

Here, Plaintiff does allege facts that, accepted as true for purposes of this Motion, satisfy the notice requirement under MUTPA.  *See* Complaint ¶ 110.  However, Plaintiff fails to otherwise allege any facts that state a claim to relief under MUTPA that is plausible on its face.  The facts in the Complaint are insufficient to support a plausible inference that Plaintiff is entitled to relief under MUTPA.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-81 (2009).  At its core,

7

Plaintiff's Complaint asserts only that he was questioned by police after rape allegations were made against him, which investigation did not result in either arrest or prosecution. The Complaint does not allege that Plaintiff purchased or leased goods, services or property, real or personal, primarily for personal, family or household purposes from the Lewiston Defendants. He also fails to identify any unfair method of competition or unfair or deceptive act on the part of the Lewiston Defendants or how the Lewiston Defendants allegedly used an unlawful method, act or practice in any trade or commerce. Absent such allegations, Plaintiff has failed to plead facts that state a plausible claim for relief under the MUTPA. Given a fair reading of the MUTPA and the conduct complained of, any amendment to the Complaint would be futile. Accordingly, Count XII should be dismissed with prejudice.

### D. Plaintiff's Complaint Should be Dismissed in its Entirety as to Defendant Lewiston Police Department

Plaintiff has named the Lewiston Police Department as a defendant. All of Plaintiff's claims against the Lewiston Police Department should be dismissed because the Lewiston Police Department is simply a department of the City of Lewiston and not a separate political entity that has the capacity to sue and be sued. *See, e.g., Norton v. City of South Portland*, 831 F Supp. 2d 340, 360 n.14 (Me. 2011) (construing claims against the police department as claims against the city); *Faucher v. City of Auburn*, 465 A.2d 1120, 1125 n. * (Me. 1983) (correcting the caption of the case brought against the school department to name the proper defendant, City of Auburn); *Cronin v. Town of Amesbury*, 895 F Supp. 375, 383 (D. Mass. 1995), *aff'd* 81 F.3d 257 (1st Cir. 1996) (entities that are an integral part of a town, such as a police department, lack legal identity apart from the Town and therefore are not properly named as defendants in section 1983 suits). Here, the only proper entity defendant is the City of Lewiston. Accordingly, Plaintiff has failed to state a claim upon which relief can be granted against Defendant Lewiston Police Department.

Therefore, all of Plaintiff's claims against Defendant Lewiston Police Department should be dismissed.

WHEREFORE, the Lewiston Defendants respectfully request that the Court: (1) dismiss all state law tort claims (Counts VI-XI and XIII) with prejudice; (2) dismiss the Maine Unfair Trade Practices Act (Count XII) with prejudice; (3) dismiss with prejudice all of Plaintiff's claims against Defendant Lewiston Police Department; and (3) grant any such further relief that this Court deems necessary and appropriate.

DATED:  December 4, 2017             */s/ Kasia S. Park*
                                     Edward R. Benjamin, Jr.
                                     Kasia S. Park

                                     *Attorneys for Defendants City of Lewiston,*
                                     *Lewiston Police Department, and Derrick*
                                     *St. Laurent*

Drummond Woodsum
84 Marginal Way, Suite 600
Portland, ME  04101
(207) 772-1941
ebenjamin@dwmlaw.com
kpark@dwmlaw.com

## CERTIFICATE OF SERVICE

I, Kasia S. Park hereby certify that on December 4, 2017 I electronically filed the above Lewiston Defendants' Motion to Dismiss Plaintiff's Complaint with the Clerk of Court via email via e-mail at newcases.portland@med.uscourts.gov.  I also certify that I made service of the foregoing, by depositing a true copy of same, on this date, in the U.S. Mail, postage prepaid to:

Seth T. Carey<br>
114 Congress Street<br>
P.O. Box 100<br>
Rumford, ME 04276

/s/ Kasia S. Park
Kasia S. Park

A*ttorney for Lewiston Defendants*
Drummond Woodsum
84 Marginal Way, Suite 600
Portland, ME  04101
(207) 772-1941
ebenjamin@dwmlaw.com