| | |
|---|---|
| CHRISTIAN VENABLE, )<br>)<br>                PLAINTIFF )<br>)<br>v. )<br>)<br>LEWISTON POLICE DEPARTMENT, )<br>CITY OF LEWISTON, )<br>DEREK ST. LAURENT AND )<br>KATHERINE ROONEY, )<br>)<br>                DEFENDANTS ) | CIVIL NO. 2:17-CV-473-DBH |

**ORDER ON LEWISTON DEFENDANTS' PARTIAL MOTION TO DISMISS**

This lawsuit, commenced in state court on November 28, 2017[1], and then removed to federal court under federal question jurisdiction, grows out of what the plaintiff claims was a false rape accusation against him in May of 2015. He sued the City of Lewiston, the Lewiston Police Department, a Lewiston Police Detective, and his accuser.

With respect to Lewiston and the police detective, the plaintiff challenges the police search of his house, the manner of an interview or interrogation (to

---

[1] Under Maine law, a plaintiff can commence a lawsuit by serving a summons and complaint on a defendant, which is how the plaintiff started this lawsuit. Me. R. Civ. P. 3. Then the commencement date is when the defendant returns the acknowledgment of service form under Me. R. Civ. P. 4(c)(1). Ford v. Nationwide Mut. Fire Ins. Co., No. 01-133, 2001 WL 667834 (D. Me. June 13, 2001); Brown v. Thaler, 2005 ME 75, ¶ , 880 A.2d 1113, 1116 ("With the acknowledgement of service establishing the completion of service, [it is] clear to the court and all the parties when service occurred."); Me. R. Civ. P. 4(c) advisory committee's notes to 1991 and 1992 amendments. But see 2 Charles Harvey & Thomas B. Merritt, Maine Civil Practice § 4:3 (3d ed.) ("Rule 4(c)(1) does not pinpoint the time at which service is accomplished when it takes place by ordinary mail and acknowledgment.").

which his lawyer also was privy), the refusal to charge his accuser with filing false charges, and the failure to admonish or discipline the detective. The Lewiston defendants have moved to dismiss all the plaintiff's state tort claims, Counts VI-XI and XIII, and his claim under the Maine Unfair Trade Practices Act, Count XII.

The Maine Tort Claims Act has a 2-year statute of limitations. 14 M.R.S.A. § 8110. Thus, all the plaintiff's state tort claims are barred as untimely. The plaintiff says that the 2-year statute of limitations did not start to run until August of 2016 because that is when his lawyer wrote the Lewiston defendants a letter seeking an official apology and requesting that the detective be admonished, to which they did not respond, or even February of 2017 when the Lewiston defendants' insurance company denied the plaintiff's claim (according to the plaintiff, "possibly" the February 2017 date applies or is "arguable." Pl.'s Mem. at 2-3 (ECF No. 10)).[2] I reject the argument. A plaintiff cannot extend the limitations period by seeking an apology or discipline, or an insurance payout, and the plaintiff cites no statute or cases to support his position. The operative events occurred in May of 2015, well more than two years before this lawsuit was filed.

The Maine Unfair Trade Practices Act gives recourse to "[a]ny person who purchases or leases goods, services or property, real or personal, primarily for personal, family or household purposes," 5 M.R.S.A. § 213(1), where a defendant

---

[2] The Lewiston defendants correctly point out that much of this is not even contained in the Complaint, only in the plaintiff's response to the motion to dismiss. Because I conclude that the claims are time-barred, I do not address this defect.

2

engages in "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Id. § 207. Nothing the plaintiff alleges in his Complaint brings him within that category with respect to the Lewiston defendants.[3]

Consequently, the Lewiston defendants' motion to dismiss Counts VI through XIII is **GRANTED**. The plaintiff concedes that the Lewiston Police Department is not a separate entity that he can sue, Pl.'s Mem. at 4, and it is therefore **DISMISSED** from the entire lawsuit.

**SO ORDERED.**

**DATED THIS 8TH DAY OF JANUARY, 2018**

/S/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[3] Confusingly, the plaintiff does not even address this issue in responding to the motion, but talks only about the Maine Tort Claims Act.